**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:06-CR-00182-MJT** |
| **v.** | § | |
| | § | |
| | § | |
| **REGINALD STANLY STROTHER** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR ADJUSTMENT OF RESTITUTION**

Pursuant to 28 U.S.C. § 636, the Federal Rules of Criminal Procedure, and the Local Rules for the Eastern District of Texas, this criminal matter is before the undersigned magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. Now before the undersigned for a recommended disposition is Defendant's *pro se* Motion to Correct for Violation of the Fifth Amendment, Supplement thereto, and Motion to Produce Grand Jury Documents. (Docs. #313, 315, 316.)

BACKGROUND

On April 10, 2008, Strother was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). After the verdict was set aside, Strother was re-tried and convicted of the same charge on May 29, 2008. (Doc. #170.) On February 4, 2009, Strother was sentenced to life in prison pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. (Doc. #201.) Strother appealed his conviction on February 5, 2009, but his Judgment was affirmed by the Fifth Circuit on August 30, 2010. (Doc. #204, #235.)

On October 1, 2010, Strother filed a Motion to Vacate his sentence pursuant to 28 U.S.C. 2255, creating a new civil action under cause number 1:10-cv-607. (Doc. #236.) Strother's motion

was subsequently denied on February 24, 2012. *See Strother v. United States*, No. 1:10-cv-607 (E.D. Tex. Feb. 24, 2012).

On April 8, 2013, Strother filed another Motion to Vacate under 28 U.S.C. 2255, creating a second civil action under cause number 1:13-cv-204. (Doc. #252.) Strother's motion was denied as barred by the statute of limitations and also because successive motions under section 2255 are not allowed unless permission from the Fifth Circuit is sought and obtained. *See Strother v. United States*, No. 1:13-cv-204, ECF no. 4, 6 (E.D. Tex. Nov. 18, 2013). Further, the court noted that it could not construe his motion as a claim pursuant to 28 U.S.C. § 2241, because he was confined in the state of Louisiana, outside of the court's jurisdiction for this type of claim. *Id.*

## DISCUSSION

A person in custody under a federal sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

Although Strother does not characterize his motion as arising under 28 U.S.C. § 2255, courts look to the substance of a pro se prisoner's filing rather than the label affixed to it. Strother is arguing Fifth Amendment violations and that his conviction should be vacated. Thus, a section 2255 motion is the proper vehicle for what Strother is now asserting in his pending motion.

However, as the court previously ruled in cause number 1:13-cv-204, successive motions under section 2255 are not allowed unless permission from the Fifth Circuit is sought and obtained.

*See Strother v. United States*, No. 1:13-cv-204, ECF no. 4, 6 (E.D. Tex. Nov. 18, 2013); 28 U.S.C. § 2255(h). Strother has already filed two section 2255 civil actions concerning his 2008 conviction under cause number 1:06-cr-182. Therefore, the court may not consider this matter. Further, the court cannot construe his current pending motion as a claim pursuant to 28 U.S.C. § 2241 and re-file it as such, because he is still currently confined in a penitentiary outside this district and state.[1] A section 2241 habeas petition must be filed in the district where the petitioner is incarcerated. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) ("To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."). Strother should seek habeas relief in the proper district.

With regard to Strother's request for grand jury materials (doc. #316), Rule 6(e)(3)(E)(ii) permits disclosure at the request of a defendant who demonstrates that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6. A party seeking grand-jury materials bears the burden of demonstrating a particularized need sufficient to overcome the policy favoring grand-jury secrecy. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). Strother has not made that showing. His asserted basis for suspecting misconduct is the appearance of the grand-jury foreperson's name on his Indictment. Strother misreads Rule 6(c). Rule 6(c) does not provide that the foreperson's identity "may not be made public." Rather, it requires the foreperson to record the number of jurors concurring in each indictment and provides that that record may not be made public absent court order. FED. R. CRIM. P. 6. The appearance of the foreperson's name on Strother's Indictment therefore provides no

[1] Strother is currently housed in Cumberland, MD as indicated in correspondence dated May 5, 2026, from the Fifth Circuit and as indicated on the federal inmate locater website. (Doc. #317-1.); https://www.bop.gov/inmateloc/ (last visited Aug. 21, 2026).

factual basis for his speculation that the Indictment was signed only by the foreperson or was never approved by twelve grand jurors.

Strother's reliance on *United States v. Bullock*, 448 F.2d 728 (5th Cir. 1971) is of no avail. In that case, the defendant filed a pretrial motion that sought dismissal of his indictment contending that his three-count indictment, which was substituted for a six-count indictment filed in an earlier proceeding, was drafted by the United States Attorney, and only seen and signed by the foreman of the grand jury, and that 12 or more grand jurors did not concur in the finding and return of the substitute indictment as required. Unlike the circumstances presented in *Bullock*, Strother identifies no nonspeculative evidence that his Indictment was presented only to the foreperson or failed to receive the concurrence required by Rule 6(f). His request therefore amounts to an attempt to obtain secret grand-jury materials to determine whether an irregularity might have occurred, rather than a request supported by a particularized showing that a ground for dismissal may exist. In addition, Strother did not make a timely pretrial challenge supported by evidence suggesting that only the foreperson considered the Indictment. Rule 12(b)(3)(A)(v) expressly identifies "an error in the grand-jury proceeding" as a defect that must be raised by pretrial motion if the basis for the motion is then reasonably available. FED. R. CRIM. P. 12(b)(3)(A)(v). Instead, nearly two decades after trial, he infers that this may have occurred solely because the foreperson's name appears on his Indictment. He has therefore failed to satisfy the requirements to receive a copy of the grand jury materials.

## **RECOMMENDED DISPOSITION**

The undersigned recommends that the district court deny the Defendant's motions for the reasons discussed herein.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 2nd day of September, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE