IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 1:06-CR-182-MJT |
| | § | JUDGE MICHAEL TRUNCALE |
| | § | |
| REGINALD STANLY STROTHER | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Defendant filed various *pro se* post-conviction motions. [Dkt. 313, 315, 316.] Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this motion was before United States Magistrate Judge Christine L. Stetson. Judge Stetson issued a report with recommended findings of fact and conclusions of law stating that Defendant's motions should be denied. [Dkt. 319.] The Defendant objected to Judge Stetson's findings arguing that his claims are valid under the "actual innocence" doctrine and he has shown "particularized proof of irregularities" regarding the grand jury proceedings concerning his indictment justifying his request for grand jury materials. [Dkt. 321.]

I. Actual Innocence

Strother's Motion to Correct for Violation of the Fifth Amendment and Supplement thereto request that his sentence be vacated for Fifth Amendment violations. Judge Stetson recommended that these motions be denied as successive motions under 28 U.S.C. § 2255 and suggested that he file a motion for habeas relief under 28 U.S.C. § 2241 in his district of incarceration. Strother argues in his objections that since he is proceeding under an "actual innocence" claim, he is not barred by section 2255.

Strother's assertion of actual innocence does not alter the jurisdictional analysis. A federal prisoner seeking to file a second or successive § 2255 motion must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2255(h). Section 2255(h)(1) expressly provides a mechanism for a successive motion based upon newly discovered evidence demonstrating factual innocence. Strother has not shown that the Fifth Circuit has authorized him to pursue such a claim in this Court. Moreover, Strother's allegations concerning purported Fifth Amendment violations in the grand jury proceedings do not establish actual innocence. "Actual innocence means 'factual innocence, and not mere legal insufficiency.' To prove actual innocence, the [movant] 'must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir.1999). Strother identifies no new reliable "factual" evidence regarding his lack of commission of the crimes alleged in the Indictment demonstrating his factual innocence. Instead, his allegations challenge the legality of the proceedings resulting in his conviction. The Court finds this objection without merit.

II. Signature of Foreperson

As to his request for grand jury materials, Judge Stetson found that Strother did not identify any nonspeculative evidence that his Indictment was presented only to the foreperson or failed to receive the concurrence required by Rule 6(f) requiring its dismissal. Strother objects arguing that because his Indictment reveals the name of the grand jury foreperson (in contravention of law), there is evidence that a ground may exist to dismiss the indictment.

Rule 6(c) states that the foreperson will sign all indictments. As pointed out by Strother, some districts have a local rule that redacts this signature prior to filing the indictment on the docket for public viewing. *United States v. Jordan*, No. CA C-13-149, 2014 WL 2918576, at *3

(S.D. Tex. June 25, 2014); *United States v. Kirkendoll*, No. CR 19-0231, 2025 WL 650327, at *7 (W.D. La. Feb. 26, 2025). Rather than redact, the Eastern District of Texas Local Criminal Rule 6 states that "the grand jury foreperson shall sign the indictment with initials rather than his or her whole name. The foreperson will continue to sign the concurrence of the grand jury using his or her whole name." This local rule was amended by General Order 06-17, which was signed on December 4, 2006. The comment to the new rule explained that the Judicial Conference had adopted an Internet privacy policy directing federal courts to avoid publishing juror names online and because unsealed indictments were being scanned into CM/ECF, using initials prevented the grand-jury foreperson's full name from being publicly displayed. Strother's Indictment was filed on December 6, 2006, just two days after this change using the foreperson's full name. [Dkt. 16.] The Indictment does not indicate the date the foreperson actually signed it.

In any event, as stated above, Federal Rule of Criminal Procedure 6 requires the foreperson's signature to the indictment, so the appearance of that signature on Strother's Indictment as required is not evidence of any malfeasance. Strother has not made the required showing for these documents. In addition, the Court agrees with Judge Stetson that Strother did not make a timely pretrial challenge under Rule 12(b)(3)(A)(v) regarding error in the grand jury proceedings. Strother objects that he did not receive a copy of his Indictment until 2013; however, the record shows that Strother appeared with counsel at his arraignment on December 21, 2006, and was read the charges and received a copy of the charges. [Dkt. 20.] His objections on this point also lack merit.

III. Conclusion

The Court conducted a de novo review of the objections in relation to the parties' filings and the applicable law. *See* FED. R. CRIM. P. 59; 28 U.S.C. § 636(b)(1). After careful

consideration, the Court finds the objections have no merit and that Judge Stetson correctly concluded that the motions should be denied. Accordingly, Defendant's objections are OVERRULED. Judge Stetson's findings, conclusions and analysis are correct, and her report is ADOPTED. It is further ORDERED that Defendant's motions [Dkt. 313, 315, 316] are DENIED.

**SIGNED this 29th day of September, 2026.**

Michael J. Truncale
United States District Judge